UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.

MARTIN YOUNG,

          Defendant.

Case #10-CR-6211-FPG

DECISION & ORDER

---

By text order dated December 14, 2010, this case was referred to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. #67. The indictment in this case alleges that Defendant Martin Young conspired to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. Dkt. #1.

Defendant's motion seeks dismissal of the indictment for alleged insufficiency, as well as to suppress (1) a photo identification procedure conducted on September 15, 2009, (2) evidence seized from his residence at 203 Hillcrest Street, Rochester, New York on November 12, 2010, and (3) statements he made on November 12, 2010 when he was arrested at his residence. Dkt. #72. Magistrate Judge Payson conducted a bifurcated *Wade* and suppression hearing, with part one occurring on July 6, 2011. At the first hearing, the government's sole witness was Special Agent Andrew Woeppel of the Drug Enforcement Administration. Defendant did not present any witnesses. Dkt. #94. On October 19, 2012 Magistrate Judge Payson issued her first Report and Recommendation (Dkt. #192), which recommends the denial of Defendant's motions to suppress evidence and statements and to dismiss the indictment. Magistrate Judge Payson reserved on the motion to suppress the photo identification procedure, pending the continuation

of the *Wade* hearing. Defendant filed his objections to the first Report and Recommendation on January 16, 2013. Dkt. #212.

Part two of the *Wade* hearing occurred on January 29, 2013, where the government's sole witness was Charles Malcolm. Defendant did not present any witnesses. Dkt. #231. On April 30, 2013 Magistrate Judge Payson issued her second Report and Recommendation (Dkt. #235), which recommends the denial of Defendant's motion to suppress the photo identification procedure. No objections have been filed to the second Report and Recommendation.

Since Defendant has filed objections regarding the first Report and Recommendation, this Court must conduct a *de novo* review as to those portions of the Report and Recommendation to which objections have been made. *See* 28 U.S.C. § 636(b)(1)(C). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* As part of this review, the Court has considered all of the parties' submissions to date, as well as the transcript of the suppression hearings. Based upon that *de novo* review, I find no basis to alter, modify or reject either of Magistrate Judge Payson's Report and Recommendations.

Turning first to Defendant's motion to dismiss the indictment, his claim of insufficiency of the evidence is wholly unsupported. As Magistrate Judge Payson pointed out, it is well settled that an indictment that is sufficient on its face is not subject to dismissal based upon a claim of insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54 (1992). The indictment in this case provides the plain and concise statement of the facts constituting the offense charged that is required under Fed. R. Crim. P. 7(c), which is all that is required at this stage. Defendant is free to raise a Fed. R. Crim. P. 29 motion at the close of the government's proof at trial, should he believe that the evidence presented is insufficient as a matter of law.

Next, Defendant's motion to suppress evidence seized from his residence at 203 Hillcrest Street, Rochester, New York turns on the question of consent. The government bears the burden of establishing by a preponderance of the evidence that consent to search was freely and voluntarily given. *United States v. Isiofia*, 370 F.3d 226, 231 (2d Cir. 2004). "Voluntariness is a question of fact determined by a 'totality of all the circumstances.'" *Id.* (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973)). While it is true that Defendant was handcuffed at the time he was initially asked for and gave consent, it is well settled that "custody alone has never been enough in itself to demonstrate a coerced…consent to search." *United States v. Watson*, 423 U.S. 411, 424 (1976). In evaluating the totality of the circumstances, this Court concludes that Defendant's consent to search was voluntarily made, and is therefore valid. The uncontroverted testimony establishes that after Defendant was taken into custody outside of his residence, the Drug Enforcement Administration agents holstered their weapons, and told Defendant that they had a warrant for his arrest. The tone was conversational, and the agents asked Defendant if they could search his residence. Indeed, the record evidence demonstrates that after Defendant consented to the search, he identified the key to his front door to the agents. While this verbal consent alone is sufficient to sustain the government's burden, the hearing further established that once inside the house, agents read Defendant his *Miranda* rights, explained that he did not need to consent to the search, and again asked for his consent. In response, Defendant ultimately signed a written consent to search form. There is no evidence to suggest that Defendant's consent was anything but voluntary and, indeed, the consent form that Defendant signed recited the fact that Defendant was freely consenting to the search and that the consent was not the product of any threats or force.

Based on the totality of the circumstances, this Court concludes, as did Magistrate Judge Payson, that the government has met its burden of establishing that Defendant voluntarily consented to the search at issue, and therefore, suppression is not warranted.

Third, Defendant seeks the suppression of statements he made on November 12, 2012 on the grounds that he was not advised of his *Miranda* rights, nor did he waive such rights before being questioned. The government also bears the burden of establishing a Defendant's knowing and voluntary waiver of his *Miranda* rights in order for the statements to be admissible. United States v. Jaswal, 47 F.3d 539, 542 (2d Cir. 1995) (citation omitted). As previously stated, Defendant was indeed read his *Miranda* rights at his residence prior to his signing the consent to search form. The hearing evidence established that after Defendant was advised of his *Miranda* rights, he stated that he understood his rights, and that he would speak with the agents. At no time did Defendant ask to speak with a lawyer, nor did he indicate in any way that he wished to terminate the interview. This Court also agrees with Magistrate Judge Payson that the relatively short period of time between the *Miranda* warnings and the subsequent interview does not alter this conclusion. If an individual has sufficiently been advised of his Miranda rights, a break in the questioning does not mandate that warnings be readministered. *United States v. Banner*, 356 F.3d 478, 480 (2d Cir. 2004). In short, this Court finds that the totality of the circumstances demonstrates that Defendant was advised of, and waived, his *Miranda* rights, and therefore no basis for suppression exists.

Finally, the Court notes that Magistrate Judge Payson recommended that Defendant's motion to suppress the photographic identification procedure also be denied, finding that an independent basis exists to sustain the witnesses identification of Defendant. No objection was made to this determination, and as a result, this Court need not conduct a *de novo* review of this portion of Magistrate Judge Payson's second Report and Recommendation. *Thomas v. Arn*, 474

4

U.S. 140, 150 (1985). ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")

Even if *de novo* review were required, the result would be the same. The testimony established that the witness who made the identification previously lived with Defendant for six months, and saw him on a daily basis during that time period. Under those circumstances, this Court has little trouble concluding, as did Magistrate Judge Payson, that regardless of the circumstances surrounding the photo identification procedure, that the witness had an ample independent basis for making such an identification of Defendant. As a result, the identification is admissible.

Based on all of the foregoing, the Court accepts and adopts the Report and Recommendations filed by United States Magistrate Judge Marian W. Payson (Dkt. ##192, 235) in their entirety, and Defendant's motions to dismiss the indictment and to suppress statements, evidence, and photo identification procedures (Dkt. #72) are denied in all respects.

IT IS SO ORDERED.

DATED: Rochester, New York
November 22, 2013

_____
HON. FRANK P. GERACI, JR.
United States District Judge